IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN P. FLEMING              :
                               :
     v.                        :   Civil Action No. DKC 11-2769
                               :
MARYLAND-NATIONAL CAPITAL PARK :
& PLANNING COMMISSION, et al.  :

### MEMORANDUM OPINION AND ORDER

Plaintiff Steven Fleming commenced this action on September 26, 2011, by filing a complaint against the Maryland-National Capital Park & Planning Commission, and three of its employees. (ECF No. 1). The complaint appears to allege that, in or around 1977, Plaintiff was forced to resign his position as a clerk at College Park Airport because of his race. Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2). The court dismissed the case on October 11, 2011, citing Plaintiff's failure to exhaust administrative remedies, and further noting that his action based on conduct alleged to have occurred thirty-four years earlier was likely timed barred. (ECF No. 3). Plaintiff filed the pending motion for reconsideration on October 31, 2011. (ECF No. 4).

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure

59(e).  Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).  Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding."  *Id*. (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal marks omitted).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Id*. (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Plaintiff has not sufficiently addressed any of the grounds for reconsideration under Rule 59(e), nor does any appear to be

applicable.  He asserts that he did file a charge of discrimination, but got no response, which he attributes to the fact that the "E.E.O.C., even back then[,] was better than 85% minority" and would not "help a white guy with a Civil Right[s] problem."  (ECF No. 4, at 1).  He has not provided a copy of the EEO charge, however, nor has he proffered reasons for his substantial delay in bringing this action.  Thus, none of his arguments establish grounds for reconsideration.

Accordingly, it is this 8th day of March, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiff Steven Fleming (ECF No. 4) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to Plaintiff.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge